DAVID P.  MASTAGNI (SBN 57721)
GRANT A. WINTER (SBN 266329)
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 I Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
Attorneys for Plaintiff Stephen Mroczka

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN O. MROCZKA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ATTORNEY GENERAL WILLIAM BARR; THE UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF JUSTICE; THE UNITED STATES MARSHALS SERVICE; and, DOES 1 through 100 inclusive,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br>**(1) Discrimination (42 U.S.C. §2000 *et seq.*)**<br>**(2) Discrimination (42 U.S.C. §1981)**<br><br>*JURY TRIAL DEMANDED* |

## JURISDICTION

1.    Plaintiff Stephen O. Mroczka hereby asserts federal claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981.  This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343(a)(3).

## VENUE

2.    Venue is proper pursuant to 28 U.S.C §1391 and 42 U.S.C. § 2000e-5(f)(3) because the events giving rise to this complaint occurred in this judicial district.

COMPLAINT FOR DAMAGES

**PARTIES**

3.      Plaintiff Stephen O. Mroczka is an individual and at all times mentioned herein was a resident of California. At all time alleged herein, Mr. Mroczka was employed by each and every one of the Defendants named herein. Mr. Mroczka's race is white and his gender is male.

4.      Defendants are governmental entities including the federal government of the United States of America and agencies and departments therein.

5.      Mr. Mroczka is ignorant of the true names and capacities of the defendants sued herein under the fictitious names Doe 1 through Doe 100.  Mr. Mroczka is informed and believes and therefore alleges that the defendants named herein as DOE 1 through DOE 100, are responsible in some manner for the events and happenings complained of herein, and proximately caused Mr. Mroczka damages and injuries. Mr. Mroczka intends to amend his complaint to include the true names and capacities of defendants sued herein as DOE 1 through DOE 100, when more information is ascertained.

6.      Whenever in this complaint any reference is made to "Defendant" or "Defendants," such reference shall be deemed to refer to all defendants, whether specifically named or whether identified as a "Doe."

7.      Mr. Mroczka is informed and believes that at all times relevant herein, Defendants were the agents, representatives, servants and/or employees of every other Defendant, who was a principal, master, and/or employer of each other Defendant, and every Defendant was acting within the course and scope of said agency, authority, and/or employment.

8.      Whenever in this complaint reference is made to any act or omission of any Defendant and/or their agent(s), representative(s), servant(s) and/or employee(s), whether specifically named or designated as a Doe, such allegations shall be deemed to mean the act or omission of each Defendant, acting individually, jointly, in concert, and severally, and in furtherance of joint activity while actively engaged in the management, direction, control and/or employ of the affairs of Defendants, and that each Defendant did or authorize or ratify such acts or omissions while actively engaging in the management, direction, control and/or employ of the affairs of said Defendants,

and each of them, and were acting within the course and scope of their employment, authority and agency.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. All conditions precedent to the filing of the claims alleged in this complaint have occurred.

10. Plaintiff timely filed a Complaint of Discrimination with the U.S. Department of Justice Equal Employment Office/Complaint Adjudication Office against all Defendants complaining of discrimination because of Plaintiff's race and gender. Not earlier than September 23, 2019, Plaintiff received a "Right to Sue" letter from the U.S. Department of Justice Complaint Adjudication Office giving Plaintiff notice of his right to sue.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

11. Mr. Mroczka has been a Deputy U.S. Marshal since May 13, 2010. Since that time, he has received yearly performance evaluation ratings of "successful" or higher. He has received yearly ratings of "excellent." At all relevant times alleged herein, Defendants, and each of them, regularly employed more than 50 employees.

12. Beginning in 2018 and continuing through 2019, all Defendants undertook a continuing series of similar and related discriminatory actions against Mr. Mroczka. These discriminatory actions were undertaken against Mr. Mroczka because of his race and/or gender, and/or Defendants' perception of his race and/or gender.

13. This series of discriminatory actions, and each individual discriminatory act violated Plaintiff's rights under law, including but not limited to Mr. Mroczka's rights under Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. §2000 et seq., and 42 U.S.C. §1981, and the United States Constitution as enforceable through an action under 42 U.S.C. §1983. This conduct constituted adverse and/or tangible employment actions, and unreasonably interfered with Plaintiff's work performance.

14. On March 16, 2018 an official United States Marshals Service memorandum was sent out from Assistant Director Roberto Robinson to all United States Marshals Service employees via email. The memorandum was a call for applicants to apply to the Critical Incident Response Team

COMPLAINT FOR DAMAGES

("CIRT") and detailed the required documents to submit a complete application package. It noted that the CIRT application process would be open from March 16, 2018, and close March 30, 2018.

15.     On March 23, 2018 Complainant submitted a complete application for the CIRT position identified in Assistant Director Robinson's March 16, 2018 memorandum. He was highly qualified. Among other things, Mr. Mroczka noted that in 2016 he had attended the International Critical Incident Stress Foundation, Inc., training for group and individuals in crisis (in other words, he had already received training that is required for all CIRT members once selected; and thus, he was highly qualified). That afternoon Mr. Mroczka received an official email from Inspector Juli Johnston acknowledging that his complete application had been received.

16.     Mr. Mroczka is informed and believes that the selection committee was comprised of senior CIRT members. The selection process included a system that used numerical ranking factors, where experience and training were considered. It also included the information gathered from an in-depth background investigation, consisting of multiple phone interviews of both supervisors and co-workers, which was completed for each applicant by senior CIRT members.

17.     On August 29, 2018, Assistant Director Roberto Robinson generated and sent out a memorandum announcing the selection of the new members of the CIRT. Twenty-nine individuals were selected in total. Mr. Mroczka was not among them. That evening, however, Mr. Mroczka was informed (by a person who Plaintiff is informed and believes has personal knowledge) that he had been chosen by the selection committee as the top candidate (1st of 113 applicants) before Assistant Director Robinson had released his memo announcing the CIRT selections. Assistant Director Roberto Robinson later told US Marshal's EEO Investigators that he had believed that the list generated by the selection committee needed to be more diverse and reflect the make-up of the USMS.

18.     On September 27, 2018, Mr. Mroczka received an anonymous letter dated September 9, 2018, which was addressed to Mr. Mroczka and seven other individuals.  Mr. Mroczka received this letter via the US Postal service in his office mailbox. The letter stated that Mr. Mroczka and each of the other addressees had been the victims of gender and racial discrimination and as a result

COMPLAINT FOR DAMAGES

had not been selected for the CIRT team.  More specifically, the letter advised that on August 3, 2018, after a week long, non-biased process where gender, ethnicity and race were not considered, each of the eight of the addressees were selected to be members of the CIRT.  Thirty names, including all eight recipients of the anonymous letter, who were each ranked between one and 27, were selected for the team and subsequent training. That list was then sent to Tactical Operations Management (TOD) for announcement.

19.    The letter advised that sometime between August 6 and August 24, 2018, TOD management, comprised of Office of Court Security (OCS) Chief Bennie William, Employee Assistance Program (EAP) clinician Deborah Easton, TOD Chief Heather Walker, and TOD Deputy Assistant Director (DAD) Sharon Duncan held a closed-door meeting at the USMS headquarters and conspired to remove those eight names and to replace them with the names of less qualified applicants of a different races and genders. That list was then presented to Assistant Director Roberto Robinson, who knew, agreed and signed off on the race and gender-based changes, and announced the altered list on August 29 via the USMS Internet. Of the eight candidates chosen to replace the eight that had been un-selected, all but two were minorities or female.  According to the letter, the eight replacement applicants were ranked from 33 to 95 as opposed to the removed candidates who, again, ranked between 1 and 27.  Three of the replacement applicants had no critical incident education or experience, and one applicant, TOD Administrative Assistant did not even submit a completed CIRT application.

20.    The letter further advised that TOD management directed that all documentation and files from the selection process be destroyed.  Despite that directive, however, according to the letter, the files have apparently been saved.  Defendants had actual and/or constructive knowledge of this conduct and Defendants failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action.  Further, all Defendants aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

## FIRST CLAIM FOR RELIEF
(**Racial and Gender Discrimination, Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.,* against all Defendants**)

21.    The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

22.    The conduct of Defendants violates Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.*, which prohibits discrimination against employees based on race and gender.

23.    As a direct and proximate result of the discrimination, Mr. Mroczka suffered damages, including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail.  Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys' fees, costs and any other damages the Court deems appropriate.

24.    Plaintiff requests relief as hereinafter provided.

## SECOND CLAIM FOR RELIEF
(**Racial and Gender Discrimination, 42 U.S.C. §1981 *et seq.,* against all Defendants**)

25.    The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

26.    The conduct of Defendants violates 42 U.S.C. § 1981, which prohibits discrimination against employees based on race and gender.

27.    As a direct and proximate result of the discrimination, Mr. Mroczka suffered actual damages, including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail.  Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys' fees, costs and any other

damages the Court deems appropriate.

28.    Plaintiff requests relief as hereinafter provided.

### PRAYER FOR RELIEF:

WHEREFORE, Plaintiff prays for judgment as follows:

1. For special and economic damages according to proof;

2. For general damages and non-economic damages;

3. For prejudgment interest at the prevailing legal rate;

4. For reasonable attorneys' fees, costs, and expert witness fees;

5. For equitable relief according to proof;

6. For statutory damages;

7. For statutory attorney's fees and costs of litigation; and,

8. For such other and further relief as the court deems just and proper.


DATED:  December 16, 2019                    **MASTAGNI HOLSTEDT, APC**



                              By /s/ Grant A. Winter
                                 Grant A. Winter
                                 Attorneys for plaintiff
                                 Stephen Mroczka


### DEMAND FOR JURY TRIAL

Plaintiff Stephen Mroczka hereby demands a trial by jury.

DATED:  December 16, 2019
                                   **MASTAGNI HOLSTEDT, APC**

                              By /s/ Grant A. Winter
                                 Grant A. Winter
                                 Attorneys for plaintiff
                                 Stephen Mroczka